JAMES W. CONVERSE v. DAVID P. CLAY ET AL.

*Mortgage—Foreclosure—Resale.*

1. How. Stat. § 6750, which provides that, if any person making the highest bid at a chancery sale shall neglect or refuse to make immediate payment, the officer making the sale may, immediately or upon an adjourned day proceed to resell the real estate, affords ample protection against straw bidding, and is construed as follows:

   *a*—The statute does not contemplate that each bid, whether the highest or not, shall be accompanied with the money, nor is it unusual to allow time within which to produce the amount of the bid.

   *b*—A party attending such a sale cannot know that he will be the successful bidder, and should not be expected to be ready with the money at the time of making his bid, the amount of which cannot be ascertained until the bidding is concluded.

   *c*—The statute does not contemplate that the officer making the sale, by an unreasonable demand, shall prevent competition, or a sale of the property in parcels and to the best advantage.

2. A resale of mortgaged premises is held to have been properly ordered where a parcel was struck off to the wife of the mortgagor upon his bid made in her behalf, and upon immediate payment being demanded by the commissioner the bidder announced that he did not have the money with him, whereupon the sale was adjourned for half an hour, at the expiration of which time the bidder announced that he did not have the money, but would produce it by the time the deed was made out, and the commissioner offered another parcel, upon which the mortgagor made a like bid, which was refused unless accompanied by the money, which was not produced, and the entire mortgaged premises were sold in one parcel to a bidder who had been present during the entire sale, after which the mortgagor caused a tender to be made to the commissioner of the amount of his bids, which was refused.

Appeal from Kent. (Grove, J.) Argued May 21, 1891. Decided June 5, 1891.

Bill to foreclose a mortgage. Defendants Heth and Laura A. Clay appeal from a conditional order for resale. Order modified by eliminating conditions, and affirmed. The facts are stated in the opinion, and in head-note 2.

*Fletcher & Wanty,* for complainant, contended:

1. The sale should have been unconditionally confirmed; citing How. Stat. § 6750; 2 Jones, Mort. § 1640; *Bullard v. Green,* 10 Mich. 268; *Gilbert v. Haire,* 43 Id. 283; *Bank v. Quick,* 71 Id. 534; *Page v. Kress,* 80 Id. 85.

*E. S. Eggleston,* for appellant Clay.

*G. A. Wolf,* for appellant Heth.

McGRATH, J. Complainant filed his bill to foreclose a mortgage upon certain lands, consisting of several parcels. Decree was had, and a sale made, on which the property was sold in bulk for $6,200. Defendant Heth excepted to the commissioner's report of sale, and asked for a resale upon the following grounds:

"1. That, as appears from the commissioner's report of sale, the premises described in the bill of complaint herein were sold in one 'parcel on December 27, 1890, to Noyes L. Avery, for the sum of sixty-two hundred dollars ($6,200).

"2. That said property consists of five separate lots, of fifty feet front each, two of said lots fronting on Canal street, and three on Kent street, in the city of Grand Rapids, and that one of said Canal-street lots is covered by a good and substantial frame building, two stories high.

"3. That defendant purchased said property in October, 1886, from defendant D. P. Clay, for the sum of $17,500; that said property was then worth at least that sum, and that said property is worth at least that sum to-day.

"4. That this defendant understood and expected that said property would be sold in separate parcels, and believes that it would sell for more in that way than sold in a lump.

"5. That at said sale said D. P. Clay, in behalf of Laura A. Clay, demanded that said property be sold in parcels, and the commissioner first offered for sale the lot covered by said building, and struck the same off to said Clay for $2,300; that immediately after said sale said Clay tendered to the commissioner the sum of $2,300 in money, and the commissioner refused to receive the same, or give a deed to said Clay.

"6. That at said sale, after the said lot had been struck off to said Clay, and the amount of his bid not being produced on the spot, the said commissioner refused to offer said property in parcels, and refused to receive any bids from the said Clay, and struck off the whole in one lump to Noyes L. Avery for $6,200.

"Your petitioner asks that said sale be set aside, at least as to the four vacant lots, and, if a resale is ordered, agrees to bid and pay in cash at least two thousand dollars for the Canal-street vacant lot, and at least fifteen hundred dollars each for the Kent-street lots, and will deposit money enough to pay the costs if he fails to bid and pay said sums."

Defendant Laura A. Clay also excepted, and asked for a resale, setting forth, among other things, the following:

"3. For that said report does not set forth the fact that at said sale Laura A. Clay, through her husband, David P. Clay, bid for lot numbered 297 of the Kent plat, so called, the sum of two thousand and three hundred dollars, and the same was by said commissioner struck off to said Laura A. Clay, and afterwards, without sufficient just, legal, or equitable cause, he declared said bid off, and refused, upon tender of the sum of money bid therefor, to convey said lot to said Laura A. Clay.

"4. For that at said sale the commissioner put up for sale lot number 298 of Kent plat, part of said premises, and the said Laura A. Clay bid for said lot the sum of five hundred dollars, which said bid the said commissioner refused to receive or entertain, and afterwards, the money being tendered to him for said lot, refused to convey the same to said Laura A. Clay.

"5. For that the said commissioner, disregarding his duty in that behalf, and against the express protest of

said Laura A. Clay, put up said two lots, together with the other three lots described in said decree, in one body, and sold the same to Noyes L. Avery for the sum of sixty-two hundred dollars, being a sum at least six thousand dollars less than the fair market value of said lot.

"6. For that said commissioner unjustly and illegally allowed one of the solicitors of said complainant to so unjustly, illegally, and inequitably control said sale as to absolutely prevent the said Laura A. Clay from buying any of said property at its fair market value or at any price whatever, and so as to enable the said Noyes L. Avery to buy said premises in one block, and at a price less than one half its actual value."

Upon hearing said petitions the court ordered—

"That the sale in this cause, made on the 27th day of December, 1890, be set aside, and the premises described in the report of sale and in the decree in this cause be resold in the following order: Lot 297, 298, 296, 299, and 286, unless the debtor shall request a different order as to three last named lots, after due notice according to the practice of this court, on condition that the said petitioners deposit with the register of this court the sum of $2,800 in money within ten days from this date, $2,300 of which is on said resale to stand as the opening bid on Lot No. 297, and $500 of which is to stand on said resale as the opening bid on Lot No. 298, and that the petitioners also deposit with the register of this court within ten days from this date a bond in the penal sum of $8,000, to be approved by this court on two days' notice to complainant's solicitors, conditioned that the whole of the premises described in said report of sale, and in the bill of complaint and decree in this cause, shall on said resale bring the total amount of the lien and interest of Noyes L. Avery, who purchased said premises at said sale, and the total amount of the decree in this cause, together with interest on said decree and lien, and all costs in this cause and the costs of said resale; and it is further ordered that, if said money and bond are not deposited as above ordered within ten days from this date, said sale made on the 27th day of December, 1890, stand confirmed."

The defendants Heth and Clay appeal from said order.

The purchaser at said sale was present during the entire proceedings.

How. Stat. § 6750, provides as follows:

"In case any person making the highest bid upon such sale shall neglect or refuse to make immediate payment of the sum so bid, such officer or person may immediately, or upon some other day to which he may, in his discretion, adjourn such sale, proceed to resell such real estate: *Provided*, that, if such adjournment be for a period of one week or more, notices shall be published as provided in section three of this act."

This statute affords ample protection against straw bidding. It does not contemplate that each bid, whether the highest or not, shall be accompanied with the amount thereof, and it is not unusual to allow time within which to produce the amount of the bid. A party attending such a sale cannot know that he will be the successful bidder, and therefore should not be expected to be ready at the time of the bid with the money, the amount of which cannot be ascertained until the bidding is concluded. The statute does not contemplate that the officer making the sale, by an unreasonable demand, shall prevent competition, or a sale of the property in parcels and to the best advantage.

The court properly ordered a resale of the premises, but the conditions imposed are an unreasonable burden upon the appellants. The order will be modified by striking out the words, "on condition that the said petitioners deposit," and all of the words and figures following said words contained in the body of said order, with costs to the appellants, and the record will be remanded for further proceedings in accordance herewith.

MORSE, LONG, and GRANT, JJ., concurred. CHAMPLIN, C. J., did not sit.