(88 N. W. Rep. 292.)

---

NORTHERN PACIFIC RAILWAY CO. *vs.* FRANK LAKE, *et al.*

Opinion filed Dec. 7, 1901.

### Statement of Case—Motion to Dismiss—Practice.

The structure and contents of a statement of case settled in a civil action tried to a jury is governed by § 5467, Rev. Codes 1899, which section, unlike section 5630, which governs statements in actions tried to the court without a jury, does not require that all the evidence shall be embodied in the statement, but, on the contrary, requires only the substance of the evidence. A motion to dismiss plaintiff's appeal in an action tried to a jury, upon the ground that the statement of case does not contain all the evidence offered at the trial, is denied, both upon the ground that the statement is sufficient in fact and the further ground that an objection that a statement of case is defective is not a proper ground for moving to dismiss an appeal.

### Streets—Easements—Fee in Abutting Owner.

In this state the public has only an easement in streets and highways, the fee remaining in the original owner or his successor. Such owner may exercise such acts of ownership as are not inconsistent with the easement. The erection of buildings upon a public street is an invasion of the rights both of the public and fee owner, and the fee owner may maintain ejectment therefor. It is *held*, in an action of ejectment by plaintiff, who is the fee owner, against the defendants, whose sole defense is that their buildings are upon the street, that it was error to direct a verdict for defendants. *Held*, further, that it was error to deny plaintiff's motion for a directed verdict.

Appeal from District Court, Cass County; *Pollock, J.*

Action by the Northern Pacific Railway Company against Frank Lake and another. A verdict was directed for defendants, and plaintiff appeals from an order denying its motion for a new trial. Reversed.

*Ball, Watson & Maclay,* for appellant.

Plaintiff showed title to the fee of the strip of land in question and the burden thereupon devolved upon the defendants to show that plaintiff had lost such title or that it was subject to the easement of a public highway. If the public has gained an easement over it, such right has been acquired by user only, and not otherwise. In order to affect a common law dedication, there must co-exist the

intent on the part of the land owner to give his land for the public use, and the user or acceptance on the part of the public. Elliot Roads & Streets, 118, 119, 136; Am. & Eng. Enc. L. (2 Ed.) 36, 38, 43; *Bell* v. *City*, 27 N. W. Rep. 245; *County* v. *Miller*, 31 Mich. 447; *Bank* v. *Stockwell*, 48 N. W. Rep. 174; *Johnson v. City*, 63 N. W. Rep. 694; *Davis* v. *City*, 10 N. W. Rep. 768; *Marchand* v. *Town*, 51 N. W. Rep. 606; *Prescott* v. *Beyer*, 26 N. W. Rep. 732. In the case of the statutory dedication the acceptance by the public may be of a part only of the streets platted. The only use shown is confined within the limits of the present paved street with its sidewalks, and no easement could be acquired by user beyond these limits. *Baker* v. *Johnston*, 21 Mich. 319; *Field*. v. *Manchester*, 32 Mich. 279; *Graham* v. *Hartnett*, 7 N. W. Rep. 280. This contest is between the land owner and a trespasser. No question of estoppel can arise as between the parties to this litigation. 9 Am. & Eng. Enc. L. (2 Ed.) 56; *City* v. *Hanover*, 67 N. W. Rep. 891; *Wilder* v. *City*, 12 Minn. 116. Even if the land is a highway the plaintiff is owner of the fee. 25 Am. Dig. 1607; 15 Am. Dig. 2948; *Thomas* v. *Hunt*, 35 S. W. Rep. 580. Even if the land is a part of Northern Pacific Avenue, the plaintiff is entitled to judgment. The owner of land subject to a public easement may maintain ejectment against an intruder. who has seized and appropriated the land to his own use, or has used it for a purpose not authorized by the easement. 10 Am. & Eng. Enc. L. (2 Ed.) 473; *Gardner* v.'*Tisdale*, 2 Wis. 153, 195; *Thomas* v. *Hunt*, 35 S. W. Rep. 581; *Smeberg* v. *Cunningham*, 96 Mich. 378. The act of the territorial legislature (Ch. 33, Laws 1871) declaring that section lines shall be public highways as far as practicable, and providing how the roads shall be laid out and established as re-enacted in § 1052, Rev. Codes, excepts incorporated cities. A section line road was never laid out. *Keen* v. *Board*, 67 N. W. Rep. 623; *Oyler* v. *Ross*, 66 N. W. Rep. 1099.

*Taylor Crum*, for respondent.

The property in question on the section line, by the statutes of the territory .was set apart for public use, and the width of the street having been established by statute and acquiesced in by the Northern Pacific Railroad Company since 1880, and private rights acquired with reference to it, it would be a violation of good faith with the public to narrow the street at the bridge to the width of eighteen feet, or to allow plaintiff to revoke the dedication of its grantor. *Cincinnatti* v. *Lessee of White*, 31 U. S. 452. Territorial and county roads were established eighty feet in width. § 1, 2, Ch. 72. Laws 1862; § 27, Ch. 13, Laws 1867. Section lines are declared public highways. Ch. 33, Laws 1871. The right of way for the construction of highways over public lands was granted by congress. § 2477, Rev. St. U. S.; *Keen* v. *Board*, 67 N. W. Rep. 623. The land and highway in question is on a section line, was an existing high-

way in 1874 in a settled portion of the territory, and was not affected by the law of 1874, Chapter 14, reducing the width to sixty-six feet. Twenty years' use by public, under claim of right, evidenced by the use will give a right to road or street. *Town* v. *Skillman*, 11 L. R. A. 55; *Rathmann* v. *Nohrenberg*, 32 N. W. Rep. 305; Stat. Dak. 1877, § 37, Ch. 29; Elliott Roads & Streets, 123; *Burrows* v. *Guest*, 12 Pac. Rep. 850; *Moore* v. *Roberts*, 25 N. W. Rep. 565. The owner who makes a plat on which spaces are left indicating the direction of roads and streets, with reference to the plat, cannot recall his dedication. Elliott Roads & Streets, 89. Had Northern Pacific Avenue not been used as a street prior to 1880 when Northern Pacific Second Addition was platted, but was accepted, used and improved as such street subsequent to such time, its acceptance would be shown. *Burrows* v. *Guest*, 12 Pac. Rep. 850; *Meier* v. *Ry. Co.*, 19 Pac. Rep. 610; *State* v. *Croghan*, 19 Pac. Rep. 485; *State* v. *Eisele*, 33 N. W. Rep. 785; *Pillsbury* v. *Brown*, 9 L. R. A. 94. It is immaterial how the street became such, whether by formal action of the city in accepting its dedication, or by acceptance by user on the part of the public. *Kennedy* v. *Levan*, 33 Minn. 517; *Morse* v. *Zeize*, 24 N. W. Rep. 287. Neither the appellant nor its grantor had any title to the land in controversy. It was granted to the public by congress and accepted by the Territory of Dakota subsequent to the survey, and prior to the time the Northern Pacific Railroad Company acquired title to section 7. § 2477, Rev. St. U. S.; Ch. 72, Laws Dak. 1862; Ch. 13, § 27, Laws 1867; Ch. 33, Laws Dak. 1871; *Wells* v. *Pennington Co.*, 48 N. W. Rep. 307; *N. P. Ry. Co.* v. *Rockne*, 115 U. S. 600; *Tyler* v. *Cass Co.*, 1 N. D. 369.

YOUNG, J. The plaintiff brings this action to eject the defendants from a strip of land situated in the city of Fargo, said land lying and being in section 7, and immediately south of the section line between section 6 and 7, in township No. 139 north, of range 48 west, upon which section line the street known as Northern Pacific Avenue is located. The plaintiff alleges that it is the owner in fee, and entitled to the posesssion of said real estate, except so far as the city of Fargo has the right to use the same for street purposes; that the defendants unlawfully entered upon said premises and ejected the plaintiff therefrom, and have since withheld possession thereof from plaintiff. The defendants answered jointly, and denied each and every allegation of the complaint. The trial was to a jury. At the close of the testimony both parties moved for a directed verdict. Plaintiff's motion was denied. Defendant's motion was granted, and the jury was directed to render a verdict for the defendants. Plaintiff made a motion for a new trial, upon a settled statement of the case, which statement contained specifications of a number of alleged errors. The motion for new trial was denied by the trial court. Plaintiff appeals from the order denying said motion.

Counsel for respondents has presented a preliminary motion to

this court to dismiss plaintiff's appeal, and to affirm the judgment. "upon the ground that the statement of the case does not contain all of the evidence offered upon the trial." The motion also contains a request that the abstract and briefs filed by appellant be stricken from the record herein, for the reason that the same do not comply with rule 18 of this court (6 N. D. xviii), This motion is without merit, and will be denied. Rule 18, referred to in the motion, relates to the mechanical features of abstracts and briefs. In the brief filed by respondents' counsel in support of his motion, no particulars are pointed out wherein the briefs and abstracts violate said rule, and a reference to the same does not disclose any substantial departure from the requirements of the rule referred to. The failure of a statement of the case to contain all of the evidence is never a ground for dismissing an appeal which has been regularly taken. As already stated this case was tried to a jury and not to the court without a jury. The contents of statements in jury cases are governed by section 5467, Rev. Codes 1899, which does not require that all of the evidence offered shall be embodied in the statement, as is required in actions tried to the court without a jury, under section 5630, Rev. Codes 1899. Section 5467, which governs the contents of the statement in the case at bar, requires that only the substance of the evidence shall be stated; whereas section 5630, which governs statements of the case in actions tried to the court without a jury, requires that all of the evidence offered shall be embodied in the statement when a review of the entire case is demanded. It follows therefore that, had defendants' motion been to strike out the statement, instead of for a dismissal of the appeal, it would have been denied.

The only error assigned by counsel for the appellant to which we shall have occasion to refer relates to the court's ruling upon the motion for a directed verdict. It is urged that the court erred in denying plaintiff's motion and in granting defendant's motion for a directed verdict. The plaintiff's motion was based upon the ground "that the undisputed evidence shows that the plaintiff was the owner of the tract of land described in the complaint and in question in this action, and that the defendants are in occupation of the same as trespassers, and without any right or title whatever." Defendants' counsel stated the grounds of his motion as follows: "Plaintiff has failed to prove the allegations of its complaint, and has failed to prove that it is the owner of or entitled to the posesssion of the premises in controversy." The questions involved in these motions were questions of law purely, and turn upon facts which are not in dispute. The plaintiff established its title to the real estate in controversy by a chain of conveyances commencing with a patent from the United States government. The section line between section 6 and 7 forms the north boundary line of the tract of land in controversy and conveyed to plaintiff as just stated. Northern Pacific Avenue is located on said section line. A dispute exists as to the width of the

avenue, but it is conceded that a portion of the same is upon plaintiff's land. It is shown that the defendants are in possession of a portion of said land immediately south of and within 40 feet of the section line, and have certain buildings thereon which they occupy. Defendants have no title to the land so occupied by them, and do not claim that they occupy it by any right or license derived from the plaintiff. Their sole contention and defense is that their buildings are entirely upon the street, and are not upon plaintiff's land, to which it has the exclusive right of possession. Counsel for defendants urge that under the law Northern Pacific Avenue is 80 feet wide,—that is 40 feet on each side of the section line. If this be true, then of course defendants' buildings are upon the street. This contention is based upon section 2477, Rev. St. U. S. which granted "the right of way for the construction of highways over public lands not reserved for public uses." and the territorial acceptance of said grant contained in chapter 33, Laws Dak. T. 1870-71, wherein all section lines were declared to be public highways as far as practicable (see *Walcott Tp. v. Skauge,* 6 N. D. 382, 71 N. W. Rep. 544), and upon chapter 13, Laws Dak. T. 1867-1868, which provided that "no road shall be less than 80 feet wide." Counsel for the plaintiff, on the other hand, for reasons we need not mention, denies that the street is 80 feet wide, as claimed by defendants, and allges that it is of much less width, and that defendants' buildings are, at least in part, upon plaintiff's land, of which it concededly has the exclusive right of possession. The question as to the width of the street is argued at great length by counsel for both parties in their briefs. It is a question, however, which we need not discuss or consider, inasmuch as we have reached the conclusion, without hesitation, that, in no event, can the rights of the parties to this action be affected by any conclusion which we might reach in reference thereto. It may be assumed that the defendants' buildings are upon the street, as they claim. Nevertheless they are upon land to which the plaintiff has the title. Plaintiff's land extends, as we have seen, to the section line, and includes that portion of the street upon which defendants' buildings are situated. In this state, as in a large majority of the states of the Union, the public has only an easement in streets and highways, the fee of the land remaining in the owner, subject to the easement, and he may exercise such acts of ownership and possession as do not interfere with the public use. It is patent that the maintenance of buildings upon public streets for private use is an infringement of the right of the land owner as well as of the public. The courts, both of this country and England have held with uniformity that the original owner, or those claiming under him, of land dedicated to public use may maintain ejectment against a permanent incumbrancer or occupier, inconsistent with or repugnant to the purpose of the dedication or grant *Gardiner* v. *Tisdale,* 2 Wis. 153, 60 Am. Dec. 407; *Thomas* v. *Hunt,*

(Mo.) 35 S. W. Rep. 581, 32 L. R. A. 857; *Taylor* v. *Armstrong*, 24 Ark. 102; *Coburn* v. *Ames*, 52 Cal. 385, 28 Am. Rep. 634; *Weyl* v. *Railroad Co.*, 69 Cal. 202, 10 Pac. Rep. 510; *Wright* v. *Carter*, 27 N. J. Law, 76; *Carpenter* v. *Railroad Co.*, 24 N. Y. 655; *Wager* v. *Railroad Co.*, 25 N. Y. 526; *Sherman* v. *McKeon*, 38 N. Y. 266; *Strong* v. *City of Brooklyn*, 68 N. Y. 1; *Smeberg* v. *Cunningham* 86 Mich. 378 56 N. W. Rep. 73, 35 Am. St. Rep. 613; Elliott, Roads & S. 519, 538; Jones, Easem. § § 547, 548; 10 Am. & Eng. Enc. Law (2d Ed.) 473, and cases cited at note 2. The legislature of the state adopted this doctrine of the courts in section 3360, Rev. Codes 1899, which reads as follows: "The owner in fee of a servient tenement may maintain an action for the possession of the land against any one unlawfully possessed thereof, though a servitude exists thereon in favor of the public." Conceding, therefore that defendants' buildings are upon the street, and that is all they claim, it follows, necessarily, that they are intruders and trespassers, both as against the plaintiff, the owner of the fee, and against the public represented by the city. Upon the undisputed evidence, the plaintiff is entitled to the relief prayed for in its complaint. The rulings of the trial court upon the motions for a directed verdict were erroneous. This conclusion requires a reversal of the order appealed from. Plaintiff's motion for a directed verdict should have been granted.

The order of the district court denying the motion for a new trial is reversed, and that court is directed to enter judgment in favor of plaintiff, and against the defendants, for the restitution of the premises described in plaintiff's complaint. All concur.