GRAM CONSTRUCTION COMPANY, a Corporation, v. MINNE-
APOLIS, ST. PAUL, & SAULT STE. MARIE RAILWAY
COMPANY, a Foreign Corporation.

(161 N. W. 732.)

**Premises occupied by spur track — value of — depreciated — damages — action to recovery — pleading — public street.**

1. Complaint examined and *held* sufficient to justify a recovery for damages for the depreciation in the value of premises occasioned by the construction of a spur track of a railway company upon a public street.

Note.—On right, under constitutional provision against "damaging" private property for public use without compensation, to compensation for consequential damages to property no part of which is taken, from smoke, noise, dust, etc., incident to ordinary operation of railroad, see notes in 17 L.R.A.(N.S.) 1054, and 40 L.R.A.

**Abutting lot owner — street — owns fee to one half of street — Constitution — private property — public use — taken for — compensation — damages.**

   2. In North Dakota an abutting lot owner owns the fee to one half of the street. In North Dakota the Constitution does not merely provide that property shall not be taken for a public use without just compensation, but that it shall not be taken or damaged.

**Public street — fee title to — lot owner — Constitution — private property — taken for public use — damaged — railway company — spur track — burden or servitude — value of adjoining lot — depreciation — recovery.**

   3. Where the fee in the public street is owned by the adjacent lot owner, and the Constitution provides that no property shall be taken or damaged for a public use without just compensation, the spur track of a railway company is a burden or servitude upon the interests of the lot owner, and damages may be recovered for the depreciation in the value of the lot, even though the plaintiff does not seek specifically to recover damages for the value of his interest in the street.

**Railway tract — adjacent lots — value of — depreciation of — caused by — operation of railway — presumption — jury — matters for consideration by — assessment of damages.**

   4. Where damages are sought to be recovered for the depreciation in the value of a lot occasioned by the construction of a railway track, it will be presumed that the operation of the road and the use of the track will be continued; and, in estimating damages, the jury may take into consideration

---

(N.S.) 48, in which the consensus of opinion, among the best-considered cases, seems to be that the word "damaged," in a constitutional provision that private property shall not be taken or "damaged" for a public use without compensation, does not give a right of action in a case where the injuries would have been, in the absence of such word, *damnum absque injuria* in an action against a natural person or private corporation; but only makes a railroad company liable to the same extent as an individual would have been at common law; and that, therefore, an owner of property none of which is taken, and who is merely annoyed and inconvenienced in common with the general public by the emission of smoke, soot, cinders, noise, vibration, etc., incident to the prudent operation of a railroad, cannot recover compensation therefor, although the property may be lessened in market value, and he may suffer greater in degree than those around him.

   On right of railroads to exercise the right of eminent domain, as to taking land for spur tracks and sidings, see note in 22 L.R.A.(N.S.) 129.

   On right of abutter to compensation for railroads in streets, see note in 36 L.R.A.(N.S.) 673, particularly at page 698 of said note.

   Original owner of land dedicated to public use may maintain an action against one who imposes an additional servitude upon the land, see note in 60 Am. Dec. 422.

all of the surrounding circumstances, the nature of the track, the difficulty of access, if any, the location of the property of the plaintiff, its connection with the outside world, and its reasonable and probable use, and even specific cases of annoyances and inconveniences in the past.

Opinion filed December 23, 1916.  Rehearing denied March 19, 1917.

Action to recover damages for injuries occasioned by the construction of a spur track in a public street.

Appeal from the District Court of Ramsey County, Honorable *C. W. Bultz,* J.

Judgment for plaintiff.   Defendant appeals.

Affirmed.

*Flynn & Traynor* (*A. H. Bright* and *John L. Erdall,* of counsel), for appellant.

"We must never lose sight of the fact that the question of negligence has nothing whatever to do with the question of the right to recover damages, where such damages have resulted from the exercise of the power of eminent domain."   Hyde v. Minnesota, D. & P. R. Co. 29 S. D. 220, 40 L.R.A.(N.S.) 48, 136 N. W. 92.

There is nothing in the evidence to show or justify the conclusion that the plaintiff was affected in any manner different from the public generally.   Maclaren v. Kramar, 26 N. D. 244, 50 L.R.A.(N.S.) 714, 144 N. W. 85.

Under the complaint here, there can be no issue of an additional burden entitling the owner of an adjacent lot to compensation under the law of eminent domain.   In the cases cited by the lower court in its memorandum decision, it was held that there was an additional burden created "to the continued exclusion of the remainder of the public, and to that extent is a continued obstruction of the street."   Donovan v. Allert, 11 N. D. 289, 58 L.R.A. 775, 95 Am. St. Rep. 720, 91 N. W. 441; Appel v. Chicago, M. & St. P. R. Co. 34 S. D. 306, L.R.A.1915D, 397, 148 N. W. 513.

The placing of a tract in the street does not *per se* give rise to a cause of action.   The abutting owner must plead and prove some special damage to him and to his property.   "Depreciation" is not synonymous with "damages" in a legal sense.   Hyde v. Minnesota, D. & P. R. Co. 29 S. D. 220, 40 L.R.A.(N.S.) 48, 136 N. W. 97; Montgomery v. Santa

Ana Westminister R. Co. 104 Cal. 186, 25 L.R.A. 654, 43 Am. St. Rep. 89, 37 Pac. 786; Lakkie v. Chicago, St. P. M. & O. R. Co. 44 Minn. 438, 46 N. W. 912; Carroll v. Wisconsin C. R. Co. 40 Minn. 168, 41 N. W. 661; Bryan v. Petty, 162 Iowa, 62, 143 N. W. 987; Sioux City Seed & Nursery Co. v. Detroit & M. R. Co. 184 Mich. 181, 150 N. W. 841; Kansas, N. & D. R. Co. v. Cuykendall, 42 Kan. 234, 16 Am. St. Rep. 479, 21 Pac. 1051; Wichita & C. R. Co. v. Smith, 45 Kan. 264, 25 Pac. 623; Kansas, N. & D. R. Co. v. Mahler, 45 Kan. 565, 26 Pac. 22.

A railroad company has the right to construct its railways across, along, or upon any street or highway which may be necessary.  Comp. Laws 1913, § 4613, subd. 5.

"The city council shall have power to grant the use of, or right to lay down, any railroad track in any street of the city, to any railway company." Comp. Laws 1913, § 3599, subd. 69.

The city council grants such right by ordinance, and the track here in question had been placed there by authority. It is always presumed "that the law has been obeyed," and there was no contention to the contrary in this case. Comp. Laws 1913, § 7936, subd. 33; Hyde v. Minnesota, D. & P. R. Co. 29 S. D. 220, 40 L.R.A.(N.S.) 48, 136 N. W. 98.

"Nothing which is done or maintained under express authority of a statute can be deemed a nuisance." Comp. Laws 1913, § 7231; Clark v. Chicago & N. W. R. Co. 70 Wis. 593, 5 Am. St. Rep. 187, 36 N. W. 326; Baltimore & P. R. Co. v. Fifth Baptist Church, 108 U. S. 317, 27 L. ed. 739, 2 Sup. Ct. Rep. 719; Barney v. Keokuk R. Co. 94 U. S. 324, 24 L. ed. 224; 33 Cyc. 201; Adams v. Chicago, B. & N. R. Co. 39 Minn. 286, 1 L.R.A. 493, 12 Am. St. Rep. 644, 39 N. W. 629.

There is no showing of interference with light and air, or with access to and from said property, or with any other material right of plaintiff. Rochette v. Chicago, M. & St. P. R. Co. 32 Minn. 201, 20 N. W. 141.

Where injuries claimed are in no manner special to plaintiff, but the same in kind sustained by the public in common with himself, no action lies for personal or private damages. Scrutchfield v. Choctaw, O. & W. R. Co. 18 Okla. 308, 9 L.R.A.(N.S.) 496, 88 Pac. 1048; McQuaid v. Portland & V. R. Co. 18 Or. 237, 22 Pac. 899.

The constitution and the statute provide that "private property shall

not be taken or damaged for public use without just compensation having been first made." The words, "or damaged," in the constitutional provision, do not extend the right of recovery to include that for any injury for which damages could have been recovered at common law. Hyde v. Minnesota, D. & P. R. Co. 29 S. D. 220, 40 L.R.A. (N.S.) 48, 136 N. W. 92; Aldrick v. Metropolitan West Side Elevator R. Co. 195 Ill. 456, 57 L.R.A. 237, 63 N. E. 155.

In order for plaintiff to recover, it must be shown that its property rights in the street have been materially or substantially interfered with in a manner that is *special* to plaintiff, different in kind from that suffered by others generally. Atchison, T. & S. F. R. Co. v. Armstrong, 71 Kan. 366, 1 L.R.A. (N.S.) 113, 114 Am. St. Rep. 474, 80 Pac. 978; D. M. Osborne & Co. v. Missouri P. R. Co. 147 U. S. 248, 37 L. ed. 155, 13 Sup. Ct. Rep. 299; Moore Mfg. Co. v. Springfield Southwestern R. Co. 256 Mo. 167, 165 S. W. 305; Seibel-Suessdorf Copper & Iron Mfg. Co. v. Manufacturers' R. Co. 230 Mo. 59, 130 S. W. 288; Henry Gaus & Sons Mfg. Co. v. St. Louis, K. & N. W. R. Co. 113 Mo. 308, 18 L.R.A. 339, 35 Am. St. Rep. 706, 20 S. W. 658; Louisville & N. R. Co. v. Orr, 91 Ky. 109, 15 S. W. 8; Maysville & B. S. R. Co. v. Ingram, 16 Ky. L. Rep. 853, 30 S. W. 8; Iron Mountain R. Co. v. Bingham, 87 Tenn. 552, 11 S. W. 705; Fobes v. Rome, W. & O. R. Co. 121 N. Y. 505, 8 L.R.A. 453, 24 N. E. 919; Austin v. Augusta Terminal R. Co. 108 Ga. 671, 47 L.R.A. 755, 34 S. E. 852.

*Brennan & Brennan,* for respondents.

No other property is damaged similarly to the damages to the plaintiff's property, and the evidence clearly establishes such fact, and the jury must have so found. This meets the point of objection made by defendant's counsel. Hyde v. Minnesota, D. & P. R. Co. 29 S. D. 220, 40 L.R.A. (N.S.) 48, 136 N. W. 101; Hirsch v. St. Paul, 117 Minn. 476, 136 N. W. 269; Appel v. Chicago, M. & St. P. R. Co. 34 S. D. 306, L.R.A.1915D, 397, 148 N. W. 513; Const. § 14.

The owner of a lot adjacent to a street in a city owns the fee title to one half of the street. He may therefore be specially damaged by the building and continued use of a railway in such street. Appel v. Chicago, M. & St. P. R. Co. 34 S. D. 306, L.R.A.1915D, 397, 148 N. W. 513.

Such occupation of a street interferes with its use as a street. Cosgriff

v. Tri-State Teleph. & Teleg. Co. 15 N. D. 210, 5 L.R.A.(N.S.) 1142, 107 N. W. 525; Donovan v. Allert, 11 N. D. 289, 58 L.R.A. 775, 95 Am. St. Rep. 720, 91 N. W. 441.

BRUCE, J.   This is an action to recover for damages alleged to have been occasioned to plaintiff's property in the city of Devils Lake, by reason of the construction and operation, by the defendant railway company, of a spur track in the street in front of the same. The defendant appeals from a judgment for $625, which was entered on the verdict of the jury; motions for a directed verdict and for judgment *non obstante veredicto* having been denied.

The first error assigned is that alleged to have been committed by the court in allowing the plaintiff to amend his complaint after the motion for judgment *non obstante veredicto* had been made.

The original complaint alleged, among other things, "that the defendant owns and operates a certain railway which runs through the said city of Devils Lake between Tenth and Eleventh streets, and across that part of block 12 in Maher & Locke's addition to the said city, lying north of lots seven (7) and sixteen (16) in said block, and north of the alley running up to the north line of said lot sixteen (16).

That plaintiff is the owner, and has been such owner since prior to the construction of said railway line, of lots seven to twelve inclusive (7 to 12 inc.) and the east 47.45 feet of lots sixteen to twenty-four inclusive (16 to 24 inc.) in said block 12 of Maher & Locke's addition. That said property fronts on the streets of said city as follows: All of the east 47.45 feet of lot 25 and all of lot 12 in said block fronts on Tenth street; and the east boundaries of lots 7 to 12 inclusive in said block fronts on Flint avenue in said city,—said Tenth street running east and west and said Flint avenue running north and south.

That prior to the happening of the events hereinafter related the said property was suitably situated for residence or business, and that the plaintiff, during all the times hereinafter stated, had the usual property rights in said streets and avenue and alley subject to user for street purposes; and that said real estate was and is used for residence and industrial purposes.

That the defendant, in disregard of plaintiff's rights in said property and the undisturbed use and enjoyment thereof, has extended during

the past year a branch railroad track from its main line across said Tenth street and Flint avenue, in front of plaintiff's said property, from block 13, directly east of plaintiff's said property into block 11, directly south of plaintiff's property aforesaid, and runs its cars and engines along said extension in front of plaintiff's said property, over and across from the northeast corner to the southwest corner of the intersection of said Tenth street and Flint avenue, to and from the mill situated south of Tenth street and west of said avenue, and has for upwards of eight months used said branch for railroad purposes, and occupies said street and avenue in running its trains over the same, and frequently and habitually leaving cars standing thereon, and continues its business of traffic along and back over said extension, and will continue such use and traffic permanently, thus permanently damaging plaintiff's property.

That defendant, during the time stated, has operated said branch line across said streets and avenue and alley, and *occupied said streets, avenue,* and alley, and prevents free use and enjoyment of the same, and interferes with the free *ingress and egress* to and from said premises, and *interferes with the plaintiff's property rights in said streets,* avenue, and alley, and damages the same for all the purposes hereinbefore stated otherwise, namely, by smoke and noise, and renders the reasonable and necessary use of said property hazardous, dangerous, and inconvenient, and damages plaintiff's business on said property and its rental value for all purposes. *That defendant has appropriated said street, avenue, and alley,* and obstructed the same in front of and along plaintiff's said premises, and rendered the view therefrom and thereto unsightly, and continues and will continue said acts and damages.

That all of said acts of defendant were done and are continued without paying or offering to pay any compensation for taking plaintiff's property rights in *said street, avenue, and alley, and damaging said property.*

That by reason of the premises, the defendant has damaged the said property of the plaintiff to the amount of $3,000.

Wherefore, plaintiff prays for judgment herein against the defendant for the sum of $3,000, besides costs and disbursements in this action."

The amendment, which was offered and allowed and inserted in the original complaint, was as follows:

"That prior to the construction of the defendant's said spur track, the property of plaintiff hereinbefore described was bounded on the north by the right of way and main track of defendant, on the west by the right of way and tracks of the Farmers' Grain & Shipping Company's railway, on the south by Tenth street, and on the east by Flint avenue. That last-named streets were the only streets by which plaintiff had access to its said property to and from the other parts of the city, without crossing the main line of the defendant's road or the Farmers' Grain & Shipping Company's railroad line; and that by reason of the construction and operation of said spur track plaintiff's said property is cut off from approach without crossing some line of a railroad, and that the plaintiff is damaged in manner different from any other property in said city by reason of the spur track aforesaid."

The objection to this amendment is stated by counsel for appellant as follows:

"At the beginning of the testimony on behalf of the plaintiff, defendant objected to the introduction of any evidence under the complaint in this action, raising the point that the complaint makes no claim that the track is upon plaintiff's property, and that there was nothing in the allegations of the complaint to show that the use and operation of the spur was other than the ordinary use thereof, and that there is nothing to show any special injury to the plaintiff. This point was again raised at the close of the plaintiff's main case by a motion on the part of the defendant for a directed verdict, and the court specifically called the attention of plaintiff's attorney to the matter of amending to meet these objections. Plaintiff declined to amend. This was in November, 1914. In April, 1915, at the time of the hearing upon the motion for judgment *non obstante*, plaintiff then asked to amend to cover the point raised, to the effect that no special damage was shown as to plaintiff. To allow this amendment at such late hour, we contend was error. At that time the jury was of course gone, and there was no opportunity for the defendant to vary its proof to meet that new allegation."

We can see no merit to these objections, as we can see no necessity for the amendment at all. The original complaint alleged the location of the premises, and that the plaintiff possessed the usual property rights in the street. It also alleged the construction and operation of the railroad track; and that such construction and operation interfered with the

said property rights and the free ingress and egress to and from said premises, and rendered the reasonable and necessary use of said property hazardous, dangerous, and inconvenient, and damaged plaintiff's business on said property and its rental value for all purposes, and rendered the view therefrom and thereto unsightly. Under these allegations it appears to us that the plaintiff was entitled to prove all that he could have proved under the amended complaint, and that that amendment did little more than to plead conclusions and evidence.

Defendant next contends that a verdict should have been directed in its behalf for the reason that no claim is made for damages for the physical taking of the street, but merely for the depreciation in the value of the premises. Counsel also argues that there is no testimony as to smoke and noise, and that the damage occasioned by the construction of the track was not special to the plaintiff, but only such as was sustained by the public at large.

We, however, think that no error was committed in refusing to direct the verdict. No matter what may be the rule in other jurisdictions, the rule in North Dakota seems to have been clearly established. Here the Constitution not only provides that no property shall be taken for a public use without just compensation, but that no property shall be taken or *damaged* without such compensation. N. D. Const. art. 1, § 14; 27 Am. & Eng. Enc. Law, 187.

Here the rule of law is established that the adjacent lot owner owns a fee in the half of the street which is contiguous to his property. Donovan v. Allert, 11 N. D. 289, 58 L.R.A. 775, 95 Am. St. Rep. 720, 91 N. W. 441. In the case at bar, also, it is clear from the record that there was an interference with and an encroachment upon at least a portion of the half of the street in which the plaintiff held the fee.

It seems to be established that, where the fee is owned by the lot owner, a steam railroad is an additional burden or increased public servitude therein for which compensation may be had. Schurmeier v. St. Paul & P. R. Co. 10 Minn. 82, Gil. 59, 88 Am. Dec. 59; Reichert v. St. Louis & S. F. R. Co. 51 Ark. 491, 5 L.R.A. 183, 11 S. W. 696.

It seems also to be established that in such cases the lot owner can recover for the depreciation in the value of his real estate, and that the nuisance occasioned by a steam railroad, though not a public one, because

authorized by statute, is as to him a special and private nuisance. All that is necessary, too, seems to be an encroachment upon his fee, and it is not necessary to a recovery for the injury to his lots that he should also seek specifically to recover damages for the interference with the street, or rather for the value of his interest in the street. 10 R. C. L. 101 and cases cited in note; 27 Am. & Eng. Enc. Law, 2d ed. p. 182 and note; Donovan v. Allert, 11 N. D. 289, 58 L.R.A. 775, 95 Am. St. Rep. 720, 91 N. W. 441; N. D. Const. art. 1, § 14; Cosgriff v. Tri-State Teleph. & Teleg. Co. 15 N. D. 210, 5 L.R.A.(N.S.) 1142, 107 N. W. 525.

Nor is it necessary in such a case that there shall be actual proof of a material interference with the access to the premises, or of noise or smoke, or that at the time of the action numerous trains are operated upon the track. It must be presumed that the track will be used in the future, and the jury may estimate that probable use from the facts established. An action for damages is, in such a case, indeed, similar to a condemnation proceeding, and the injury to the property from the construction of the railroad can be estimated, even though the amount of the future traffic is not actually proved.

. . Where the deterioration in the value of the property is sought to be recovered, and where there is a physical encroachment upon the fee in the street, all of the surrounding circumstances may be proved,—the nature of the track, the difficulty of access, if any, the location of the property of the plaintiff, its connection with the outside world, and its reasonable and probable use, and even specific cases of annoyances and inconveniences in the past. All of these matters furnish evidence by which the jury or an expert can estimate the injury to the market value of the premises; and there was no error committed in allowing such proof in the case at bar, even if some of it did not, in itself, constitute an element of damage for which, if alone stated or relied upon, a recovery could be had. Chicago, R. I. & P. R. Co. v. O'Neill, 58 Neb. 239, 78 N. W. 521; Chicago, B. & Q. R. Co. v. O'Connor, 42 Neb. 90, 60 N. W. 326.

We have carefully examined the authorities cited by counsel for the respondent. Practically all of them, however, are either cases where the fee in the street was in the public, or where the Constitution merely

provided for compensation in the case of property which was actually taken.

Nor, too, is there any merit in the contention that the proof was insufficient to show that the property claimed to have been injured was residence property. The fact that property is not used for residence purposes or has not been used in the past is not conclusive as to its character. Damages can be recovered which are based upon the uses to which property can be reasonably put. In the case at bar, the jury was allowed, with the consent, of both parties, to view the premises, and it was for them to say from the evidence what those uses might reasonably be.

The judgment of the District Court is affirmed.