[File No. 7327]

RAYMOND RUTTEN, Respondent, v. BURTON WOOD, Appellant.

(57 NW2d 112)

Opinion filed Feb. 13, 1953

*Douglas B. Heen,* States Attorney, for appellant.

*Clyde Duffy,* for respondent.

438

*E. T. Christianson,* Attorney General, for Game and Fish Department.

SATHRE, J. The plaintiff Raymond Rutten owns certain lands in Ramsey County, this State, adjoining both sides of a section line which is also a township line. The section line has been opened for travel and highway purposes pursuant to the laws of the State. During the hunting season of 1951 the plaintiff posted the land on both sides of the section line as provided by law. He brings this action to enjoin the defendant from hunting along said highway.

The complaint alleges in substance that the lands on each side of the section line referred to in the complaint are owned by the plaintiff; that the section line has been opened for highway purposes between plaintiff's two tracts of land for a width of two rods on each side of such line pursuant to statute and that the fee title to such land so used for highway purposes is in the plaintiff; that on the 17th day of October 1951 and at diverse other times the defendant entered upon said highway and parked his car along the right of way and hunted and shot geese flying across plaintiff's land and across the said highway; that such geese fell upon the plaintiff's land and that the defendant thereupon entered upon the plaintiff's fields to take such game; that the plaintiff has caused the lands referred to and described in the complaint to be posted against hunting thereon in accordance with the provisions of law; that the lands were so posted at the time the defendant entered upon said highway and said lands and hunted thereon, and that such hunting creates a hazardous condition along said highway where the plaintiff frequently must pass; that the defendant is continually trespassing upon the lands of the plaintiff; that the defendant, so hunting along said highway, continually tramples upon the fields of grain adjacent to the highway in recovering the game so shot by him; that the plaintiff has no plain, speedy or adequate remedy at law, and that an action for damages would result in a multiplicity of suits and would be wholly inadequate to protect the plaintiff's land from repeated and continuous trespassing.

He demands judgment enjoining the defendant from entering

upon said highway for the purpose of hunting and from engaging in the hunting of game along said highway and from trespassing upon the lands of the plaintiff.

The defendant demurred to the complaint upon the grounds that it did not state facts sufficient to constitute a cause of action.

The demurrer was argued before the Honorable J. J. Kehoe, Judge of the District Court of Ramsey County, North Dakota. The demurrer was overruled with leave to answer. The defendant refused to answer and elected to stand on the demurrer. Judgment was entered as demanded by plaintiff. The defendant appealed from the judgment and from the whole thereof.

The demurrer to the complaint admits the truth of every allegation well pleaded. The question is therefore whether the admitted facts state a cause of action. No question was raised at the trial as to the propriety of the remedy sought or the form of the action.

The district courts of this state are vested with original jurisdiction of all cases both at law and equity, except as otherwise provided by the Constitution and with such appellate jurisdiction as the legislature confers upon them. In the case at bar the district court had jurisdiction of the parties and the subject matter, and the case was tried upon the issues raised by the pleadings without objection, and those are the only issues before us on this appeal. Minneapolis, St. P. & St. Ste. M. R. Co. v. Stutsman 31 ND 597, 154 NW 654; Brissman v. Thistlethwaite, 49 ND 192 NW 85.

The general rule as to the fee title to highways is stated in 25 Am Jur page 426, Highways, Section 132, as follows:

"In the absence of a statute expressly providing for the acquisition of the fee, or of a deed from the owner expressly conveying the fee, when a highway is established by dedication or prescription, or by the direct action of the public authorities, the public acquires merely an easement of passage, the fee title remaining in the landowner." This is the rule in this state.

Donovan v. Allert, 11 ND 289, 91 NW 441, 58 LRA 775, 95 Am St Rep 720; Northern Pacific Railway Company v. Lake, 10 ND 541, 88 NW 461; Gram Construction Company v. Minneapolis, St. P. & S. Ste. M. Railway Company, 36 ND 164, 161 NW

732; Otter Tail Power Co. v. Bank, 72 ND 497, 8 NW2d 599, 145 ALR 1343.

It is admitted that the plaintiff owns the land upon which the highway is located on both sides of the section line and that he posted "no hunting" signs thereon as provided by law.

The statutes of this state do not cover the precise question as to whether the public may legally hunt wild game upon the highways of the state.

Section 20–0119 NDRC 1943 provides that any person may enter upon legally posted land to recover game shot or killed on land where such person had a lawful right to hunt.

Section 20–0117 NDRC 1943 makes it a misdemeanor to hunt or pursue game or enter for the purpose of hunting or pursuing game upon any land belonging to another which has been legally posted, without first having obtained the permission of the person legally entitled to grant the same.

The general law as to the right to hunt on the highways is stated in 24 Am Jur, Game and Game Laws, Section 5, page 377:

"Since the title to wild game within the boundaries of a state is vested in the people in their sovereign capacity, each of the inhabitants thereof may be said to have an equal right to kill such game. But this equal right is subject to at least two limitations. In the first place, the state may make regulations relative to the killing and marketing of game. Secondly, every landowner has an exclusive common-law right to kill or capture game on his own land, subject to the regulatory action of the state in the preservation of all game for the common use. This right is regarded at common law as property *ratione soli,* or in other words, as property by reason of the ownership of the soil. The state cannot, within constitutional limits, by the issuance of hunting licenses which purport to give a hunter the right to invade the private hunting grounds owned by another person, or by any other means, authorize one to enter another's premises, for the purpose of taking game, without the latter's permission."

This question was considered by the supreme court of Minnesota in the case of L. Realty Co. v. Johnson, 92 Minn 363, 100 NW 94, 66 LRA 439, 104 Am St Rep 677. We quote from the opinion:

"But we may safely assume that the killing of game belonging to the adjacent premises, and found temporarily in the highway, is in no manner connected with or incidental to the public right of passage and transportation. While true that the title to all wild game is in the state, the owner of premises whereon it is located has only a qualified property interest therein, yet he has the right to exercise exclusive and absolute dominion over his property, and incidentally the unqualified right to control and protect the wild game thereon. In Lamprey v. Danz, supra (86 Minn 317, 90 NW 578) the elementary rule on this subject was stated as follows: 'Every person has exclusive dominion over the soil which he absolutely owns; hence such an owner of land has the exclusive right of hunting and fishing on his land, and on the waters covering it.' It necessarily follows that, in dedicating the highway in question to the public, respondent reserved to itself all of the other privileges and rights pertaining to the premises, which included the right to foster and protect, for its own use, the wild game thereon, and that such right and privilege were in no manner surrendered to the public in granting the easement. It also follows that the public, including appellant, in accepting the easement thus granted, acquired no right to kill or molest the game inhabiting the property while it was passing to and fro across the highway."

The complaint alleges and the demurrer admits that hunting creates a hazardous condition along said highway where the plaintiff frequently must pass and there is continuous danger that some gun will actually discharge with injurious effects.

There is no doubt that the indiscriminate discharge of firearms along the highway creates a hazardous condition and endangers the safety of adjoining landowners whose usual occupation requires them to travel upon or across the highway. In the case of Whittaker v. Stangvick, 100 Minn 386, 111 NW 295, 10 LRA NS 921, 117 Am St Rep 703, 10 Ann Cas 528, the supreme court of Minnesota said:

"The inherent danger to landowners from guns in the hands of hunters, often irresponsible and reckless, and sometimes malicious, must be adequately guarded against if the law is to be more than a name. As the hazard from the use or threatened

use of dangerous instrumentalities increases, in all branches of the law, the responsibility of the person employing them becomes stricter and may amount to insurance of safety. All remedial resources of law and equity may be exercised to prevent such peril to person or property or conduct likely also to result in breach of peace."

In his brief counsel for defendant and appellant argues that even if it is conceded that hunting wild game upon the highways is not an incident of public travel thereon nevertheless there is no evidence in the record that the roadway through the respondent's property has ever been or ever could be posted. In support of this argument he quotes from 20–0115 NDRC 1943 which provides that the "no hunting" signs shall be readable from the outside of the land and shall be placed conspiciously at a distance of not more than 80 rods apart. He contends that under the language of the law it would be impossible to place the signs in such a position that they would be readable from the outside of the land which is within the right of way. This argument is not convincing. It is conceded upon the record as well as in counsel's brief that the plaintiff is the fee owner of the land to the center of the highway, subject to the right of the public to use it for travel and to maintain and improve it for highway purposes. He had posted "no hunting" signs on each side of the highway as provided by law which showed that he intended to include the land within the highway of which he is the owner.

The judgment of the trial court was correct and is affirmed.

MORRIS, C. J., and BURKE, G. GRIMSON and CHRISTIANSON, JJ., concur.