**DACOTAH HOTEL COMPANY, a North Dakota corporation, Plaintiff and Appellant,**

v.

**CITY OF GRAND FORKS, a municipal corporation, Defendant and Respondent.**

No. 7965.

Supreme Court of North Dakota.

Nov. 10, 1961.

Frank J. Kosanda, Grand Forks, for plaintiff and appellant.

Gordon Caldis, City Atty., Grand Forks, for defendant and respondent.

MORRIS, Judge.

This is an appeal from a judgment of the district court dissolving a temporary injunction and dismissing with prejudice the action of the plaintiff and appellant to enjoin the City of Grand Forks from removing from a city street an obstruction thereon that had existed for a number of years.

The plaintiff is the owner and operator of the Dacotah Hotel, the front of which faces in a southerly direction on North Third Street, with a side entrance to the west on First Avenue North. Third Street, which carries one-way traffic toward the west, runs in a northwesterly and southeasterly direction and is intersected at right angles by First Avenue that carries two-way traffic in a southwesterly and northeasterly direction. Both streets are paved and curbed. First Avenue, 80 feet in width, was platted as a public street in 1875. The paved portion of the street on the east side of the hotel is 56 feet wide. The remaining width of the dedication is occupied by curb and sidewalk on each side. The sidewalk along the east side of the hotel has a width of 9 feet. On and near the west edge of the street pavement and about 6 feet east of the hotel sidewalk is an island, surrounded by a concrete curb, in which two trees are growing. The island is 4 feet wide and about 40 feet long. The trees have been growing in their present location over 40 years. The island is surrounded by concrete pavement. It was created in 1948, at the time the present hotel building was erected. The City, pursuant to action of its council, proposes to remove the trees and island as a traffic obstruction and hazard, and so notified the plaintiff. This action was brought to restrain the City from carrying its proposal into effect. Upon application of the plaintiff, the court issued a temporary restraining order which remained in effect until the judgment was rendered from which this appeal was taken.

█ Plaintiff's counsel complained that sufficient time was not given to permit him to bring his action and prepare his case. Our statutes do not require a hearing or notice to abutting owners of removal by a city of an obstruction in a street. The plaintiff was advised by letter of the proposed removal on August 5, 1960. A temporary restraining order was issued at the instance of the plaintiff on August 8. A trial was

had on September 15 and 16. Before the trial court rendered its decision the plaintiff made a motion to reopen its case in chief to give it an opportunity to make further proof. This motion was granted and a further trial had on October 4 and 5, 1960. It is clear that the plaintiff was given ample opportunity to prepare and present its case.

■ By the platting, dedication and acceptance of the street, the City acquired the right to use the land so dedicated for street purposes. The fee to the center of the street remained in the abutting owner or owners.` Donovan v. Allert, 11 N.D. 289, 91 N.W. 441, 58 L.R.A. 775; Gram Construction Co. v. Minneapolis, St. P. & S. S. M. Ry. Co., 36 N.D. 164, 161 N.W. 732; Casey v. Corwin, N.D., 71 N.W.2d 553; Murphy v. City of Bismarck, N.D., 109 N.W.2d 635. A city has the power to use and control the use of the entire area of a street for the benefit of the public in accordance with the powers vested in the city by statute. City of Jamestown v. Micmietz, N.D., 95 N.W.2d 897; Kennedy v. City of Fargo, 40 N.D. 475, 169 N.W. 424.

■ A city has the statutory power to lay out, establish, open, alter, repair, clean, widen, vacate, grade, pave, park, or otherwise improve and regulate the use of streets and prevent and regulate obstructions and encroachments thereon. Section 40–05–01, paragraph 8, NDCC.

In Lang v. City of Cavalier, 59 N.D. 75, 228 N.W. 819, Syllabus 3, this Court said:

"A municipal corporation takes its powers from the statutes which give it life, and has none which are not either expressly or impliedly conferred thereby or essential to effectuate the purposes of its creation. In defining the corporation's powers, the rule of strict construction applies, and any doubt as to their existence or extent must be resolved against the corporation; but, the existence and extent of such powers having been determined and measured, the rule of strict construction

no longer applies, and the manner and means of exercising the same, where not prescribed by the Legislature, are left to the discretion of the municipal authorities."

This quotation has been approved in Thomas v. McHugh, 65 N.D. 149, 256 N.W. 763, and James v. Young, 77 N.D. 451, 43 N.W.2d 692, 20 A.L.R.2d 1086.

■ The plaintiff contends that the proposed action on the part of the City is an unreasonable exercise of its discretionary power. The plaintiff claims a property right in the trees because they furnish shade and ornamentation for the east side of the hotel and the adjacent sidewalk, and it claims a right in the island because it and the driveway between it and the sidewalk serve the convenience and safety of patrons seeking access to the hotel. On the other hand, the City contends that the trees interfere with the vision of automobile drivers approaching the intersection on First Avenue from the north and obscure one of the traffic lights controlling the intersection, and that the island must be removed in order to permit the City to establish proposed parallel parking on First Avenue North.

The case is here for trial de novo. We have reviewed the evidence and the findings of the court.

"The power of a municipal corporation to remove obstructions and nuisances in its public thoroughfares and in public places admits of no controversy. Indeed, a municipal corporation is armed with ample authority to remove from streets and thoroughfares every obstruction or impediment to their free use as such by the public, unless the obstruction or impediment is authorized and legal." McQuillin Municipal Corporations, 3rd Edition, Section 24.579.

Granted that the plaintiff does and for a number of years has received a special benefit from the presence in the street of

the trees and island, this fact does not give rise to a right superior to that of the public to use the street to its full extent for the purposes for which it was dedicated. The power to determine when and how the rights of the public shall be exercised and served is vested primarily in the governing body of the city. That body has determined that the safety and convenience of the public will be served by the removal of the trees and island. Under the evidence it appears that such a determination is well within the power and the discretion of the city council and its exercise is therefore not within the province of the courts to disturb.

■ The plaintiff further contends that the City is estopped by the lapse of time and the conduct of its officials from depriving the plaintiff of the shade, ornamentation and convenience afforded by the trees and island. According to the testimony of the president of the plaintiff corporation, he had the island installed with the approval of the city engineer for the purpose of protecting the trees. This was done at the time of the erection of the hotel building. He does not remember whether any application was made to the city council for the installation of the island in the street and no further evidence on this point appears in the record.

In Chase v. City of Oshkosh, 81 Wis. 313, 51 N.W. 560, 562, 15 L.R.A. 553, it was held that where shade trees had been growing on the sidewalk of a public street the city might, without notice to the abutting owner, remove them if they constituted an obstruction to public travel. The court in its opinion said:

"A permanent obstruction, such as trees standing within a sidewalk or traveled street, or stone columns which may interfere with public travel, constitutes per se a public nuisance, and may be summarily removed by direction of the common council."

Not strictly in point, but of interest here, is Weibel v. City of Beatrice, 163 Neb. 183, 79 N.W.2d 67, 72, in which the court said:

"We conclude that where a city, exercising its paramount right to the use of a street for the primary purposes for which it was dedicated, removes trees growing in the street in order to place a sidewalk therein and does so in a proper manner, it is not liable to respond to an adjacent property owner for consequential damages occasioned by diminution in value of his property caused thereby."

In Franklin Furniture Company v. City of Bridgeport, 142 Conn. 510, 115 A.2d 435, 438, it was held with respect to the right of a municipality to compel the removal of a sign that projected over the sidewalk that:

"An encroachment once permitted does not give rise to a franchise to continue it."

■ It is not contended that the city engineer had the power to legally permit the establishment of a permanent obstruction in a public street. He had no such power. In City of Jamestown v. Miemietz, N.D., 95 N.W.2d 897, we held that a municipality cannot be divested of the title to its streets held in trust for the use of the public by adverse possession, that persons dealing with city officers must at their peril ascertain the officers' scope of authority, and that a municipal corporation is not estopped by the acts of its officers when they exceed their powers. We reach the conclusion that the City of Grand Forks has not lost any of its powers over the streets adjacent to plaintiff's property by virtue of estoppel. We agree with the trial court that the plaintiff is not entitled to the injunction that it seeks. The judgment is affirmed.

SATHRE, C. J., and STRUTZ, TEIGEN and BURKE, JJ., concur.