JAMES KENNEDY, James P. Reynolds, Mrs. James P. Reynolds, and Clarence Dahl, Respondents, v. CITY OF FARGO, a Municipal Corporation, Alex Stern, R. B. Blakemore, J. J. Jordan, D. C. Mills, and O. M. Strate, as City Commissioners of the City of Fargo, F. L. Anders, City Engineer, W. H. Shure, City Attorney, George L. Tibert, City Building Inspector, All of the City of Fargo, Appellants.

CITY OF FARGO, a Municipal Corporation, Appellant, v. JAMES KENNEDY, Clarence Dahl, James P. Reynolds, and Mrs. James P. Reynolds.

(169 N. W. 424.)

City — public sidewalks — space set apart for — public has right to use its entirety — unauthorized obstructions — free from — fee of — resting in adjacent property owners.

1. Whatever space in a public place in a city is set apart for the use of the public as a sidewalk, the public has a right to use in its entirety, free from any and all unauthorized obstructions; and this, even though the fee to the street may be in adjacent property owners, and not in the public.

City — past failure to enforce ordinance — against obstructions — not estopped by — to subsequently cause obstructions to be removed.

2. A city is not estopped, by reason of its past failure to enforce its ordi-

---

NOTE.—The question of power of municipality to require removal of vault in street is discussed in notes in 32 L.R.A.(N.S.) 1034, and L.R.A.1915F, 1009.

nances against the obstructions of sidewalks, from subsequently removing all obstructions therefrom.

**City commissioners — removal of area ways — encroachment upon sidewalks — powers.**

   3. Under the provisions of § 3818, Compiled Laws 1913, the city commissioners of the city of Fargo have the power to compel the removal of area ways which encroach upon the public sidewalks.

Opinion filed September 9, 1918.

Cross-actions to enjoin the obstructions of a public sidewalk, and to prohibit the city officials from interfering therewith.

Appeal from the District Court of Cass County, Honorable *C. M. Cooley*, Judge.

City of Fargo appeals.

Reversed.

Statement of facts by BRUCE, Ch. J.

The case of Kennedy et al. v. City of Fargo et al. involves an appeal from a temporary injunction, enjoining and restraining the city of Fargo, its city commissioners, its city engineer, its city attorney, and its city building inspector, "from obstructing, hindering, or interfering with the plaintiffs (who are the owners or lessees of certain abutting property) in the use and maintenance of that certain area way, located immediately in front of the three story brick building and basement, known as the Hotel Dacotah, said area way providing an entrance and opening to the basement of said building and the barber shop of the above-named defendant, James P. Reynolds, said area way to be protected by railings and gate as set forth in the files in this action, pending the trial of said action on the merits."

It appears from the record that Broadway, including the whole of the sidewalk on the east side and in front of the Hotel Dacotah, has been the principal business street of the city of Fargo for forty years; that the tracks of the Northern Pacific Railway Company cross Broadway just south of the said hotel, and that there are three of such tracks diverging just east and west of the street; that all trains cross Broadway at this point, and that much switching and making up of trains is there done; that through passenger trains going West are so long that

almost invariably the rear coaches extend half way or more across the crossing and obstruct the west half of the street, and that such trains usually stop for seven minutes or longer; that, aside from ordinary pedestrian travel on the east sidewalk, numbers are in the habit of crossing from the west side to the east walk when the former is obstructed by trains; that the southwest corner of the Hotel Dacotah is 14 feet north of the gate and is about 24 feet north of the rail of the track; that the gate does not extend clear across the sidewalk, and pedestrians crossing when it is down often go around the end, and that the same is true of the gate on the south side. The record also shows that in 1916 plaintiffs made an application for leave to make an excavation in the sidewalk immediately in front of the hotel and near the southwest corner, but that this application was denied. It appears, however, that the building inspector afterwards stated that there was a misunderstanding as to whether the area way was to be located in front of the Dacotah Hotel or on one side, and that, if it was to be erected on the side, no permit was necessary, as it would have been on railroad property, but that, if he had understood that the area way was to be erected in front of the building, he would have granted the permit. However that may be, the plaintiffs proceeded with the construction of the area way, and, after the same was partially constructed, the city ordered them to desist, but brought no action and took no legal steps to enforce such legal demand. The plaintiffs then proceeded, and just as they were about to place the railings, guards, etc., in position, the city brought the present mandamus proceeding to compel the abatement of such area way. In this case the writ was quashed by the trial judge, and an appeal was taken.

Later the city authorities removed the railing and closed up the area way, and plaintiffs brought this action against the city for a permanent injunction, restraining such city from interfering with the plaintiffs' use of such premises and of the area way. An order to show cause why a temporary restraining order, restraining the city from interfering with the use of the premises pending the action, should not be issued or made by the court, was then obtained, and on the hearing the temporary restraining order was granted and from this order an appeal was also taken. These two appeals are now before the court.

*Spalding & Shure,* for appellants.

Permanent obstructions to travel constitute nuisances, and are indictable offenses; or, the parties may be proceeded against in a suit to abate a nuisance, or the nuisance may be abated summarily.

No person has the right to do any act which renders the use of a street more hazardous or less secure than it was when finished and left by the municipal authorities. 4 Dill. Mun. Corp. § 1725; Congreve v. Morgan (N. Y.) 72 Am. Dec. 495; Bauermeister v. Markham (Ky.) 72 Am. St. Rep. 397.

The public right to the free and unobstructed use of public sidewalks in cities extends to the full width of the street, and no person can rightfully obstruct or make the street more dangerous for the public use, than when left by the municipal authorities. Wheeler v. Ft. Dodge (Iowa) 108 N. W. 1057; Costello v. State, 108 Ala. 45, 1 Am. St. Rep. 348, 353 note; Atty. Gen. v. Brighton & H. Co-op. Supply Asso. L. R. 1 Ch. Div. 276; Windfall Mfg. Co. v. Patterson (Ind.) 62 Am. St. Rep. 532; Wylie v. Ellwood (Ill.) 23 Am. St. Rep. 673; 107 Am. St. Rep. 245 and 248, note; Reimer's Appeal, 100 Pa. 182, 45 Am. Rep. 373.

Anything unlawfully placed in a public street that tends to make its use more unsafe or insecure for the public is a nuisance. Weiss v. Taylor, 144 Ala. 440; San Francisco v. Buchman, 111 Cal. 25; Hall v. Brefogle, 162 Ind. 496; Young v. Rothrock, 121 Iowa, 588; N. P. R. Co. v. Lake, 10 N. D. 541; 28 Cyc. 893; 3 Dill. Mun. Corp. § 1175; State ex rel. v. Minn. Transfer Co. (Minn.) 83 N. W. 32; Joyce, Nuisances, § 231; Pontiac & La. P. R. Co. v. Hilton, 69 Mich. 115, 36 N. W. 739; Neal v. Gilmore, 141 Mich. 519, 104 N. W. 609.

Cellars, vaults, and underground excavations may be made under the street or sidewalk only when traffic on the street is not interfered with or hindered. McCarthy v. Syracuse, 46 N. Y. 194; Dell Rapids Merc. Co. v. Dell Rapids, 11 S. D. 116; Papworth v. Milwaukee, 64 Wis. 389; Fisher v. Thirkill, 21 Mich. 1.

The owners of the soil or fee may only make a reasonable use of the land above and below the surface for operations which do not incommode the public or impair the usefulness of the way. 83 Me. 508; Clark v. Lake St. Clair etc. Co. 24 Mich. 508; McCarthy v. Syracuse, 46 N. Y. 194.

A street cannot be put to any use by any person which subordinates the right of the public to free and unobstructed passageway to the private use. Tillie v. Mitchell & L. Co. 121 Wis. 1; Reimer's Appeal, 100 Pa. 182, 45 Am. Rep. 373; Field v. Barling, 148 Ill. 556; Savage v. Salem, 23 Or. 381; Chicago etc. R. Co. v. Quincy, 136 Ill. 563; Pastorino v. Detroit, 182 Mich. 5, Ann. Cas. 1916D, 768; Fuller v. Grand Rapids (Mich.) 63 N. W. 530; Ann. Cas. 1916D, 773, note; Pagames v. Chicago, 111 Ill. App. 590; Com. v. Morrison, 197 Miss. 199, 125 Am. St. Rep. 338, 345, 346 and 348, note; Ann. Cas. 1917A, 558, note.

*Lawrence & Murphy* and *Barnett & Richardson,* for respondents.

After making proper application for permit to build, or to do any other lawful act, and permission is denied, the citizen may invoke the aid of the court to prevent an unreasonable refusal to allow him to use his property in a lawful manner. City v. Army (Tex.) 127 S. W. 860.

"Trustees are not relieved from their duty under an ordinance to grant a building permit when the application is in substantial accordance with the ordinance, because of failure of the commissioner of public works to approve of the plans." People v. Village (Ill.) 109 N. E. 11.

"The superintendent of buildings cannot arbitrarily refuse a permit, nor should he refuse it when application and plans filed comply with all provisions of law." Lakes Co. v. McDermott, 160 N. Y. Supp. 450; People v. Reville, 100 N. Y. Supp. 584; City v. Kellner, 153 N. Y. Supp. 472; Stubbs v. Scott (Md.) 95 Atl. 1060; People v. Stroebel (N. Y.) 103 N. E. 735.

Owning the fee to the center of the street, the plaintiff was at liberty to use, subject to the public easement, the same or any parts of his property, and the construction of the area way was not, in itself, unlawful. The rule might be otherwise where the fee of the street was in the city. Dell Co. v. City (S. D.) 75 N. W. 898; Water Co. v. City (Cal.) 90 Pac. 1053.

The rule is settled in this state that under the power to control, cities and towns may permit the use of streets close to buildings for area ways and cellarways, if properly protected, so long as they do not unreasonably obstruct the street, or cause private injury to others. Went v. Town (Iowa) 142 N. W. 1024; Crosby v. City (Iowa) 150 N. W.

246; Ward v. Kellog (Mo.) 148 S. W. 174; Sears v. City (Ill.) 93 N. E. 158; Tacoma Co. v. City, 93 N. E. 153; People v. Ahearn, 109 N. Y. Supp. 249; Adair v. City (Ga.) 52 S. E. 729.

To give to the law the construction placed by counsel would place every house, every building and business, and all property of the city at the uncontrolled will of the temporary local authorities. Yates v. City (U. S.) 19 L. ed. 984; Mayor v. Hitchins (Md.) 59 Atl. 49.

The city cannot and does not have absolute control over things which do not hinder, delay, or endanger the public in its use of the streets and sidewalks. State v. Higgs (N. C.) 48 L.R.A. 446; City v. Teass (W. Va.) 19 L.R.A. 803, 809; Mayor v. Wineland (Md.) 64 L.R.A. 627; Pauer v. Albrecht (Wis.) 39 N. W. 771; Murdon v. Town (Del.) 96 Atl. 506; City v. Harland (Idaho) 151 Pac. 1191; R. Co. v. City (Tex.) 122 S. W. 413; City v. Rogers (Colo.) 104 Pac. 1042; City v. Weber (Ill.) 92 N. E. 859; Donohoe v. Fredlock (W. Va.) 79 S. E. 736; City v. R. Co. (Ill.) 102 N. E. 785.

The contention that the city has power to arbitrarily declare a certain structure a nuisance, and therefore it is a nuisance, cannot be sustained. Everett v. City, 19 N. W. 140; Wolff v. District, 196 U. S. 153; Robert v. Powell, 61 N. E. 699; Village v. Ward (Ohio) 96 N. E. 937; City v. Lambert (Va.) 68 S. E. 276; Keyes v. Cedar Falls (Iowa) 78 N. W. 227; Aldrich v. City (Mass.) 99 N. E. 329.

It matters not whether the structures be underneath or above the surface of the street, so long as they are within the reasonable use of the property. 3 McQuillin, Mun. Corp. pp. 2280–2281; Reynolds v. Bank (Iowa) 136 N. W. 529; Pickrell v. City (Ky.) 121 S. W. 1029; Litchfield Co. v. Com. (Ky.) 136 S. W. 639; City v. Lambert (Va.) 68 S. E. 276; Perry v. Castner (Iowa) 66 L.R.A. 160; Aldrich v. City (Mass.) 99 N. E. 329; Jorgenson v. Squires (N. Y.) 39 N. E. 373; Morrison v. McAvoy (Cal.) 70 Pac. 626; Everett v. City (Mich.) 19 N. W. 140.

"It is not unreasonable to accord to a citizen property owner the same privileges enjoyed by nearly all the lot owners in the same locality." Pittsburgh Co. v. Fidelity Co. (Pa.) 56 Atl. 436; Pickrell v. City (Ky.) 121 S. W. 1029; Perry v. Castner (Iowa) 66 L.R.A. 160.

"An ordinance providing certain restrictions in the erection of certain structures constitutes an implied authorization to erect such struc-

tures." Laviasa v. R. Co. McGloin (La.) 299; Livingston v. Wolf, 20 Atl. 551; Jorgenson v. Squires (N. Y.) 39 N. E. 373; City v. Sheppard (Pa.) 27 Atl. 972; Devine v. Co. 88 N. Y. Supp. 704; Bristow v. Co. 75 N. E. 1127; Morrison v. McAvoy (Cal.) 70 Pac. 626.

How can the city, after having passed and enforced for many years, the ordinance in question, now claim that an area way constructed exactly according to such ordinance is unreasonable or dangerous? Such a contention would, in effect, amount to a collateral attack on its own ordinance. 2 McQuillin, Mun. Corp. p. 1708.

BRUCE, Ch. J. (after stating the facts). The statute provides that "the board of city commissioners shall have power . . . to lay out, open, alter, establish, widen, grade, pave, park, or otherwise improve streets, alleys, avenues, sidewalks; . . . to prevent and remove obstructions and encroachments upon the same; . . . to regulate the use of sidewalks and all structures thereunder and to require the owner or occupant of any premises to keep the sidewalks in front of or along the same free from snow or other obstructions; . . . to declare what shall be a nuisance and abate the same." See § 3818, Compiled Laws 1913.

Section 3818, Compiled Laws 1913, also gives to the city commissioners the power "to declare what shall be a nuisance and abate the same. Section 14 of the Revised Ordinance of the city of Fargo provides "that no person shall injure or tear up any sidewalk or cross walk, drain or sewer or any part thereof, or dig any hole, ditch or drain in any street or sidewalk or public ground, or remove any gravel sod or sand from any street, without procuring a permit from the city engineer so to do."

Chapter 13 of these ordinances provides that "it shall be the duty of the inspector of buildings . . . to examine all certificates, permits, and notices required to be under this provision; to make complaint of all violation thereof. . . . The inspector of buildings shall have full power to pass on all questions arising under the provisions of this ordinance, relating to the manner of construction or material to be used in the construction, altering, or repairing of any building. It then provides in § 2 for an application to be made to the inspector for any "permit to erect, repair, change or alter any building or structure," and how such application shall be made, and that it shall not be lawful

40 N. D.—31.

to materially alter any building without a permit from the building inspector.

Chapter **13** also provides among other things that "no stairway or open area way shall extend into the sidewalk more than 4 feet on streets having walks 14 feet wide, or more than 3 feet on streets having walks less than 14 feet wide," and requires such stairway or open area to be protected by strong iron or brass railings.

The obstruction complained of was about 3 feet wide and left about $8\frac{1}{2}$ feet clear space on the sidewalk.

It appears, also, that subsequently to the plaintiffs' application for a permit a resolution was passed by such commission, forbidding the issuance of any more permits for area ways.

There can be no doubt that the area way in question tends to obstruct the sidewalk, nor can there be any question that there is extensive travel upon the walk, and that at the times when the trains block the crossing that travel is largely increased. The plaintiffs, however, contend that: (1) No permit was necessary under the terms of the ordinance. (2) A proper application for a permit was made, but by reason of a clerical misunderstanding was not formally issued; that if a permit was refused, such refusal was unwarranted and arbitrary.

It is first maintained that reference to permits is made only in connection with the construction or alteration of buildings and other erections, and that § 49 of the ordinance, being the section expressly providing for area ways, makes no reference to the necessity of any permit. We think, however, there is no merit in this contention. The ordinance provides for an application to be made to the inspector for a permit to erect, repair, change, or alter any building.

Section 49 of the ordinance provides that "no stairway, or open area way shall extend into the sidewalk more than 4 feet, etc.," and mentions stairways and open area ways in connection with porticoes, bay windows, and brackets. It is quite clear to us that when a person is erecting an area way and building steps and making a doorway in order that access may be had from the street to a room in the basement of a house or building, that he is repairing, altering, and changing such building, even if he is not erecting such structure.

In the case of State v. Kean, 69 N. H. 122, 48 L.R.A. 102, 45 Atl. 256, a bay window which projected from a building and which extend-

ed into and over a street, but did not extend downward within 8 feet of the ground, was held to be an obstruction and to come within the term, "building or structure;" while in the case of Karasek v. Peier, 22 Wash. 419, 50 L.R.A. 345, 61 Pac. 33, a fence was held to be a structure. Here we have a stairway and a railing, and we have an alteration to the building by making a new entrance thereto, and by erecting a door therein, excavating around its foundation, and removing a part of its lateral support.

We do not deem it material whether the fee to a street in a city and the fee to the particular street in question was in the public or not. The right of the public to prevent obstructions to the free passage thereover seems to exist in either event. Where the fee rests in the property owner there can be no doubt of his right to extend his cellar or foundation beneath the sidewalk. There can be no doubt, however, of the right of the city to require a permit before the building is so improved or the new structure is erected. Where, as in the case at bar, he seeks to appropriate a part of the sidewalk, and to erect a permanent obstruction thereon, and to make an excavation therein, it is perfectly clear that the city has both the power to require a permit and to refuse the appropriation of the street and the limiting of the surface over which the public may travel if it so desires. The right of the public travel still exists, and the rights of the owner may grow less as the public needs increase. Allen v. Boston, 159 Mass. 324, 325, 38 Am. St. Rep. 423, 34 N. E. 519; State v. Kean, supra.

The statute clearly gives to the board of the city commissioners the power to "lay out, open, alter, establish, widen, grade, pave, . . . streets, alleys, avenues, sidewalks, . . . and . . . to *prevent and remove obstructions and encroachments* upon the same; . . . and . . . to regulate the use of sidewalks and all structures thereunder."

Nor are we concerned with the question whether the obstruction was a reasonable obstruction or not, or whether it was unreasonable for the public to insist on the full use of the sidewalk. The fact is that the public had the right to the use of the whole walk, and free from any obstruction whatever.

There is, in fact, a wide distinction between an excavation under the walk, which does not interfere with its full use, and one which cuts

therein and materially lessens its area.  Chapman v. Lincoln, 84 Neb. 534, 25 L.R.A.(N.S.) 400, 121 N. W. 596.

It will be noticed that the charter of the city gives it the full power to declare and abate nuisances, and to prevent and remove obstructions and encroachments upon the street and the sidewalks; and we do not have to consider the many cases which deal with charters forbidding the granting of permits for permanent encroachments, or with the right of the city to restrict the public use and to allow obstructions to public travel.  Here the public is merely seeking to assert its rights, and under a general grant of power, and the general rule undoubtedly is that "a municipality may require the removal of an obstruction on a street notwithstanding there is still ample room left for the passage of teams." "This," says Judge Elliot, "is the only safe rule; for, if one person can permanently use a highway for his own private purposes, so may all, and, if it were left to the jury to determine in every case how far such an obstruction might encroach upon the way without being a nuisance, there would be no certainty in the law, and what was at first a matter of small consequence would soon become a burden not only to adjoining owners, but to all the taxpayers and the traveling public as well."  Elliott, Roads, 3d ed. § 828; Lacy v. Oskaloosa, 143 Iowa, 704, 31 L.R.A. (N.S.) 853, 121 N. W. 542.  We, indeed, find but few cases which deny this right to the public, and most of those which seem to deny it do not deny it at all, but merely concede the right to the municipality to grant permits or revocable licenses which they at any time may cancel or revoke.  See Kellogg v. Cincinnati Traction Co. 80 Ohio St. 331, 350, 23 L.R.A.(N.S.) 158, 88 N. E. 882, 17 Ann. Cas. 242.  Many of the other cases also are cases in which the sole question is whether the structure is in itself a common-law nuisance and whether a person may be indicted for maintaining the same.

We held in the case of Ashley v. Ashley Lumber Co. post, 515, 169 N. W. 87, that a city could require the removal of that which was erected in violation of its ordinance, even though the structure was not in itself a common-law nuisance.  Here, if, as we have held, the public is entitled to the use of the whole walk, the obstruction is certainly a nuisance.

Nor is there any merit in the contention that in the past the city of Fargo has been very liberal in its policy of allowing obstruction on its

streets and sidewalks. We are not here dealing with the authority to permit obstructions, but to forbid them. Upon the subject, however, it might be well to quote from Mr. McQuillin, where he says: "In many cities the streets have been subjected to a great number of invasions for the benefit and use of private owners, but in recent years it has been more and more realized by the courts how dangerous such invasions have been, and how if one person is permitted to use the street others will likewise have to be accorded equal privileges, with the result that, sooner or later, especially in the larger cities, the rights of the public and of adjacent landowners to use the streets will be seriously interfered with. Unquestionably many permits to encroach on the street are granted by nearly every municipality of any considerable size, which, if the question were litigated, would be held to be entirely beyond the power of the municipality." See 3 McQuillin, Mun. Corp. p. 2873.

For a clear and full discussion of nearly all, if not all, of the questions involved we refer to the case of Chapman v. Lincoln, 84 Neb. 534, 25 L.R.A.(N.S.) 400, 121 N. W. 596.

In the case of Kennedy v. City of Fargo the order of the District Court is reversed and the temporary injunction is ordered to be set aside and vacated; while in the case of City of Fargo v. Kennedy the order is also reversed and the injunction, which is prayed for, is ordered to be issued and to be made permanent.

GRACE, J., I concur in the result.

ROBINSON, J., I dissent.